898 So.2d 596 (2005)
Juanita Manning JAMES
v.
Manuel JACKSON, Vincent Nzinga, Frederick Douglas Senior High School, Orleans Parish School Board, ABC Insurance Company, and XYZ Insurance Company.
No. 2004-CA-0912.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 2005.
*598 Craig B. Mitchell, Janet M. Ahern, Scott C. Dwyer, Mitchell-Ahern, New Orleans, Louisiana, for Plaintiff/Appellee.
Trevor G. Bryan, Cherrell R. Simms, Bryan & Jupiter, New Orleans, Louisiana, for Defendants/Appellants, Orleans Parish School Board, Manuel Jackson and Vincent Nzinga.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD).
JAMES F. McKAY III, Judge.
At approximately 12:30 p.m. on September 21, 1998, Darrell James, a sixteen-year old student at Frederick Douglass Senior High School who weighed 327 pounds, collapsed during a physical education class. Darrell was then transported to St. Claude Medical Center where he was pronounced dead.
During the physical education class, which was conducted by substitute art teacher Donyea Allen, the students participated in a basketball game inside the Douglas gymnasium. The gymnasium was not air-conditioned and the temperature inside was at least ninety degrees during the class. After playing basketball for approximately twenty minutes, Darrell began complaining of a headache. After resting briefly, he collapsed and began having seizures.
On June 24, 1999, Juanita Manning James filed an action for the wrongful death of her son, Darrell James, against Manuel Jackson, Vincent Nzinga, Frederick Douglass Senior High School, the Orleans Parish School Board, ABC Insurance Company and XYZ Insurance Company. On September 22, 2000, Ms. James filed a motion and order to add party plaintiffs and supplement and amend the petition to add her children as plaintiffs in the lawsuit. On February 24, 2003, the defendants filed a motion in limine to exclude the expert testimony of Dr. Douglas Singer, a Florida cardiologist, and Dr. Leonard Lucenko, a retired New Jersey physical education professor. The trial court heard and rejected the defendants' motion in limine on June 25, 2003 and began trial the same day. On August 20, 2003, the trial court entered judgment in favor of the plaintiffs in the amount of $725,000.00 for loss of consortium and $60,000.00 in survival damages. On August 27, 2003, the defendants filed a motion for reconsideration of award and a hearing on the motion was conducted on December 19, 2003. On January 29, 2004, the trial court granted the defendants' motion and reduced the award for loss of consortium to $500,000.00. The defendants now appeal the trial court's judgment.
On appeal the defendants raise the following assignments of error: 1) the trial court abused its discretion in refusing to exclude the testimony of Dr. Douglas H. *599 Singer from the evidence under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 580, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); 2) the trial court abused its discretion in refusing to exclude the testimony of Dr. Leonard Lucenko from the evidence under Daubert; 3) the plaintiffs failed to prove that the Board or its employees breached any duty owed to the plaintiffs; and 4) the plaintiffs failed to prove that the conduct of the Board or its employees was the legal cause of Darrell James' death.
Generally, a district court is afforded great discretion concerning the admission of evidence at trial, and its decision to admit or exclude evidence may not be reversed on appeal in the absence of an abuse of that discretion. Miller v. Southern Baptist Hosp., 00-1352 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 15. A trier of fact may evaluate expert testimony by the same principles as apply to other witnesses; it has great discretion to accept or reject expert or lay opinions. Lopez v. Wal-Mart Stores, Inc., 94-2059 (La.App. 4 Cir. 8/13/97), 706 So.2d 457. In the instant case, the issues presented in the defendants' motion in limine were relevant to the weight and credibility of the testimony, not whether Dr. Singer should properly be allowed to testify. It is important to note Daubert comes into play only when the methodology used by the expert is being questioned. Dinett v. Lakeside Hospital, 2000-2682 (La.App. 4 Cir. 2/20/02), 811 So.2d 116, 119. The defendants make no argument alleging that Dr. Singer's methodology was faulty. Accordingly, their first assignment of error is without merit. The defendants also seek to have Dr. Singer's testimony excluded on the grounds that he relied on a police report which measured the temperature in the gym at 4:00 p.m. rather than at 12:30 p.m. Even if this contention is true, the error is harmless because the temperature on that day was also verified by other independent sources.
In their second assignment of error, the defendants contend that the expert testimony of Dr. Leonard Lucenko was improperly considered by the trial court. This assignment of error is without merit for the same reasons discussed in relation to the defendants' first assignment of error.
In their third assignment of error the defendants contend that they did not breach any duty to Darrell James. Teachers have a duty to exercise reasonable care and supervision over students in their custody, and must therefore conduct their classes so as not to expose their students to an unreasonable risk of injury. Certain classes, such as physical education, involve dangerous activity, and due care must be exercised in instructing, preparing, and supervising students in these activities so as to minimize the risk of injury. Scott v. Rapides Parish School Board, XXXX-XXXX (La.App. 3 Cir. 4/7/99), 732 So.2d 749 citing Green v. Orleans Parish School Board, 365 So.2d 834 (La.App. 4 Cir.1978). Further, the law requires that supervision be reasonable and commensurate with the age of the student and the attendant circumstances. Fisher v. Northwestern State University, 624 So.2d 1308 (La.App. 3 Cir.1993). In the instant case, Darrell James, who weighed 327 pounds, was allowed to participate in a basketball game in a poorly ventilated gym where the temperature approached ninety degrees for approximately twenty minutes before any rest period was allowed. The substitute art teacher who was in charge of the class did not require that the students take any water breaks and participated in the game himself rather than observe and monitor the students as he should have under these conditions. Clearly, the defendants *600 breached a duty to exercise reasonable care and supervision over Darrell James.
In their final assignment of error, the defendants contend that the plaintiffs failed to prove that the conduct of the Board or its employees was the legal cause of Darrell James' death. The trial court's conclusion on this issue was a finding of fact. An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless such finding is clearly wrong. Martin v. Performance Motorwerks, Inc., XXXX-XXXX (La.App. 4 Cir. 6/16/04), 879 So.2d 840. Under the manifest error/clearly wrong standard, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was reasonable in light of the evidence in the record. Id.
In the instant case, Dr. Douglas Singer, who is Board Certified in the areas of internal medicine and cardiology, opined that the specific heat related illness Darrell contracted was heat stroke and that Darrell suffered cardiac arrest due to a heat related illness. Signs of heat stroke which were exhibited by Darrell included headache and seizure. Both obesity and strenuous activity in the heat are predisposing factors to heat stroke. The defendants did not produce evidence that Darrell's death could not have been related to heat illness or heat stroke. Accordingly, we find that the trial court's finding on this factual finding was reasonable.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.